UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:

                                               Case No. 17-14039-RAM

**Omar Porto**                                             Chapter 7

_____**Debtor**_____/

## MOTION TO APPROVE
## STIPULATION TO COMPROMISE CONTROVERSY

> Any interested party who fails to file and serve a written response to this motion within **21 days** after the date of service stated in this motion shall, pursuant to Local Rule 9013-1(D), be deemed to have consented to the entry of an order in the form attached to this motion. Any scheduled hearing may then be canceled.

Marcia T. Dunn, as Chapter 7 trustee of the Bankruptcy Estate of Omar Porto (the "Trustee"), pursuant to the Federal Rule of Bankruptcy Procedure 9019 and Local Rule 9013-1(D), files this Motion to Approve Stipulation to Compromise Controversy (the "Motion"). In support of this motion the Trustee states as follows:

### I. Background

1. The Debtor filed a voluntary petition under Chapter 7 of Title 11 of the United States Code on March 31, 2017 (the "Petition Date"). Subsequently, Marcia T. Dunn was appointed as the Chapter 7 Trustee.

### The Personal Property

2. The Debtor's schedules lists certain assets (the "Scheduled Property"). In addition, the Debtor may receive a Federal Income Tax Refund for the period through the Petition Date (the "Refund"). The Scheduled Property and the Refund shall be collectively referred to as the ("Property").

3. The Debtor has claimed a portion of the Property as exempt.

4. Based on a review of the documents provided to the Trustee and other relevant information, the Trustee asserts that a portion of the Property may be undervalued and in excess of the allowed exemptions.

5. The Debtor denies and/or disputes certain aspects of the Trustee's analysis.

Case No. 17-14039-RAM

## II. The Proposed Settlement[1]

6. In an effort to avoid the high cost, the uncertainty of litigation, and in order to provide for the expeditious administration of this Estate, the Trustee and the Debtor (the "Parties") desire to settle all the matters in this case. Hence, the Parties have entered into a Stipulation to Compromise Controversy (the "Stipulation") which sets forth the terms and conditions of their settlement. A true and correct copy of which is attached hereto as Exhibit "A" and incorporated by reference.

7. The Stipulation provides for the valuation and repurchase of the Debtor's non-exempt interest in the Property.

8. Pursuant to the terms of the Stipulation, the Debtor has agreed to pay, and the Trustee has agreed to accept, the sum of $7,000.00 ("the Settlement Amount") in cleared funds for the repurchase of the Debtor's non-exempt interest in the Property.

9. The Parties agree that the Estate shall be paid the $7,000.00 in a one-time lump sum payment on or before July 15, 2017. The payment shall be made in the form of a money order or cashier's check, made payable to "Marcia T. Dunn, Trustee, for the Estate of Omar Porto, Case No. 17-14039-RAM" and shall be delivered/mailed/or over-nighted to: **Marcia T. Dunn, Trustee, 555 NE 15 Street, Suite 934-A, Miami, FL 33132.**

10. As part of the Stipulation, the Debtor agrees that the Trustee may file agreed ex-parte motions to extend the Trustee's deadlines to object to the Debtor's claimed exemptions and discharge to ensure that this Settlement is approved before such deadlines expire.

11. The Stipulation also contains, among other things: (a) representations and warranties by the Debtor; and (b) a default provision that provides for revocation of the Debtor's discharge in the event that the terms and conditions of the Stipulation are breached.

## III. Legal Standard for Settlement

12. Bankruptcy Rule 9019(a) provides: "On motion…and after a hearing on notice to creditors, the debtor…and to such other entities as the court may designate, the court may approve a compromise or settlement."[2]

---

[1] The following is only a summary of the terms of the settlement. The terms of the Stipulation control, and all interested parties are urged to review same. All capitalized terms not otherwise defined in this Motion shall have the meanings ascribed to them in the Stipulation.

[2] Rule 9013-1(D) of the Local Bankruptcy Rules for the Bankruptcy Court for Southern District of Florida permits, *inter alia*, relief without a hearing for motions to approve settlement.

13. As this Court has previously found, "approval of a settlement in a bankruptcy proceeding is within the sound discretion of the Court, and will not be disturbed or modified on appeal unless approval or disapproval is an abuse of discretion." *In re Arrow Air, Inc.*, 85 B.R. 886, 891 (Bankr. S.D. Fla. 1988) (Cristol, J.)(citing *Rivercity v. Herpel (In re Jackson Brewing Co.)*, 624 F.2d 599, 602-03 (5th Cir. 1980); *Anaconda-Ericsson, Inc. v. Hessen (In re Teltronics Servs., Inc.)*, 762 F.2d 185, 189 (2d Cir. 1985); *In re Prudence Co.*, 98 F.2d 559 (2d Cir. 1938), cert. denied sub nom. *Stein v. McGrath*, 306 U.S. 636 (1939)).

14. The test is whether the proposed settlement "falls below the 'lowest point in the range of reasonableness.'" *Arrow Air*, 85 Bankr. 891 (quoting *Teltronics Servs.*, 762 F.2d 189; *Cosoff v. Rodman (In re W.T. Grant Co.)*, 699 F.2d 599, 608 (2d Cir.), cert. denied, 464 U.S. 822 (1983)).

15. According to the United States Eleventh Circuit Court of Appeals, when a bankruptcy court decides whether to approve or disapprove a proposed settlement, it must consider:

   (a) the probability of success in the litigation;
   (b) the difficulties, if any, to be encountered in the matter of collection;
   (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and
   (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises.

*Wallis v. Justice Oaks II, Ltd. (In re Justice Oaks II. Ltd.)*, 898 F.2d 1544 (11th Cir. 1990). *See Jackson Brewing*, 624 F.2d 602, quoted in *Arrow Air*, 85 B.R. 891.

16. Because among other things: (a) the Proposed Settlement monetizes the Estate's interest in the Property; and (b) avoids the expense of liquidating the Property, the Trustee believes that the Proposed Settlement meets the standards set forth in *In re Justice Oaks II,* and therefore, recommends approval of the settlement as fair and reasonable, and within the range of possible litigation outcomes. In addition, the Proposed Settlement minimizes administrative expenses to the Estate, increases the dividend available to creditors, and allows for a distribution of sums and proceeds within a reasonable time.

17. Pursuant to Local Rule 9013-1(D), a copy of the proposed Order is attached hereto as Exhibit "B."

Case No. 17-14039-RAM

**WHEREFORE**, Marcia T. Dunn, as Chapter 7 Trustee of the Bankruptcy Estate of Omar Puerto, respectfully requests this Honorable Court enter an Order: (1) granting the instant Motion; (2) approving the Proposed Settlement and Stipulation; (3) retaining jurisdiction to enforce the Settlement Agreement; and (4) granting such other and further relief as this Court deems just and proper.

**I HEREBY CERTIFY** that a true and correct copy of the foregoing motion and all exhibits has been served this 30th day of June, 2017 via first-class U.S. Mail upon the Debtor, Debtor's counsel, all parties of record on the attached Service List, and via CM/ECF upon the Office of the United States Trustee, and all registered users in this case.

                                          Respectfully submitted,

                                          /s/   Marcia T. Dunn
                                        Marcia T. Dunn
                                        Chapter 7 Trustee
                                        555 NE 15th Street
                                        Suite 934-A
                                        Miami, Florida 33132
                                        Telephone: (786) 433-3866
                                        Facsimile:   (786) 260-0269
                                        mdunn@dunnlawpa.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:

Omar Porto                                           Case No. 17-14039-RAM
                                                     Chapter 7

_____ Debtor    /

### STIPULATION TO COMPROMISE CONTROVERSY

Marcia T. Dunn, as Chapter 7 Trustee, and the Debtor Omar Porto (the "Debtor"), enter into this Stipulation to Compromise Controversy and Settlement of Debtor's Non-Exempt Assets (the "Stipulation"). The Trustee and the Debtor (the "Parties") agree upon the following terms and conditions:

1. This case commenced with the filing of a voluntary Chapter 7 Petition on March 31, 2017. Marcia T. Dunn is the duly appointed Chapter 7 Trustee.

2. The Schedules list certain assets (the "Scheduled Property"). In addition, the Debtor may receive a Federal Income Tax Refund for the period through the Petition Date (the "Refund"). The Scheduled Property and the Refund shall be collectively referred to as the ("Property").

3. The Debtor has claimed a portion of the Property as exempt.

4. Based on a review of the documents provided to the Trustee and other relevant information, the Trustee asserts that a portion of the Property may be undervalued and in excess of the allowed exemptions.

5. The Debtor denies and/or disputes some aspects of the Trustee's analysis.

6. In an effort to avoid the high cost and uncertainties of litigation, the parties desire to settle all the matters in this case and to set forth herein the terms and conditions of their settlement.

### The Settlement

7. The parties agree to compromise the valuation and repurchase of the non-exempt interest in the Property for $7,000.00 (the "Settlement Amount"). The parties further agree that the Settlement Amount provides for the repurchase of the Debtor's interest in the Property. The Trustee has already received or collected $0.00 which is to be applied to the Settlement Amount.

EXHIBIT "A"

Case No. 17-14039-RAM

8. The parties agree that the $7,000.00 Settlement Amount shall be paid in a one-time lump sum payment on or before July 15, 2017.

9. The payment will be made by cashier's checks or money orders, made payable to the order of "Marcia T. Dunn, Trustee", and delivered to the Trustee's office at 555 N.E. 15th Street, Suite 934-A, Miami, FL 33132. The cashier's check or money order should clearly state the name of the Debtor and the Debtor's case number.

10. As part of this Stipulation, the Debtor agrees that the Trustee may file agreed ex-parte motions to extend the Trustee's deadlines to object to the Debtor's claimed exemptions and discharge to ensure that this Settlement is approved before such deadlines expire.

11. As part of this Stipulation, the Debtor represents and warrants that: (1) all information contained in the Debtor's Bankruptcy Petition, Schedules, SOFA, and all amendments thereto (collectively, the "Pleadings"), are true and correct, (2) the Pleadings contain no material misrepresentations or omissions, (3) all information and documentation provided to the Trustee (collectively, the "Documents"), are true and correct and (4) the Documents contain no material misrepresentations or omissions. To the extent that the Debtor has failed to disclose any assets, this Stipulation shall not affect the Estate's right to seek turnover of such assets or to avail itself of the remedies provided under the Bankruptcy Code.

12. In the event that the Debtor fails to comply with the terms of this Stipulation, or should the Debtor's representations and warranties contained herein be untrue, the Trustee may proceed against any and all assets of the Debtor including, but not limited to, the Property that the Debtor has claimed as exempt for the remainder of the amount due and owing asset forth herein. In addition, the Trustee shall be entitled to interest, which shall accrue at the statutory rate, attorneys' fees and costs. Further, the Trustee may file a Notice of Default and submit an Order to the Court revoking the Debtor's discharge. Pursuant to the terms stated herein, and the provisions of 11 U.S.C. §727(a)(10), the Debtor agrees to waive any procedural requirements prior to the entry of an order revoking the discharge. However, the Debtor's discharge will not be revoked without a hearing.

13. This Stipulation represents the entire understanding and agreement between the parties hereto with respect to the subject matter hereof and cannot be amended, supplemented or modified except by an instrument in writing signed by the party or parties against whom enforcement of any amendments, supplement or modification is sought. A waiver by a party of any breach of any provision of this stipulation shall not be construed to be a waiver by any such party of any succeeding breach of such provision or a waiver by such party of any breach of any other provision.

2

14. This Stipulation may be executed in counterparts, which, when combined, shall be deemed to constitute one original and binding document. The parties also agree that facsimile signatures shall be treated in all manner and respects as original signatures.

15. The Bankruptcy Court will retain jurisdiction to enforce the terms of this Stipulation.

16. This Stipulation is subject to approval of the United States Bankruptcy Court, Southern District of Florida.

Dated this 28 day of June, 2017

_____
Omar Porto, Debtor
29824 SW 148th Avenue
Homestead, FL 33033

Dated this 28 day of June, 2017

_____
Gianny Blanco, Attorney at Law
10647 N Kendall Drive
Miami, FL 33176
Telephone (305) 826-1774
courtdoc@fgbkc.com

Dated this 30 day of June, 2017

_____
Marcia T. Dunn, Trustee
555 N.E. 15th Street
Suite 934-
Miami, FL 33132
Telephone (786) 433-3866
Facsimile (786) 260-0269
mdunn@dunnlawpa.com

3

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
*www.flsb.uscourts.gov*

**In re:**

**Omar Puerto**                                                        **Case No. 17-14039-RAM**
                                                                       **Chapter 7**

            **Debtor            /**

**[PROPOSED]
ORDER GRANTING TRUSTEE'S MOTION TO
APPROVE STIPULATION FOR COMPROMISE**

       **THIS CAUSE** came before the Court upon the *Trustee's Motion to Approve Stipulation for Compromise* [DE   ] ("the Motion"). The Trustee ("the Movant") has served the motion on all interested parties and creditors, pursuant to the Federal Rules of Bankruptcy Procedure and the Local Rules of this Court (on Negative Notice). The movant by submitting this form of order having represented that the motion was served on all parties required by Local Rule 9013-1(D), that the 21-day response time provided by that rule has expired, that no one has filed, or served on the movant, a response to the motion, and that the form of order was attached as an exhibit to the motion, and the Court, having reviewed the file, the Motion and record herein, good cause having been shown, and being otherwise duly advised in the premises, does hereby

EXHIBIT "B"

Case No. 17-14039-RAM

**ORDERED AND ADJUDGED** that:

1. The Motion is **GRANTED.**

2. The Stipulation for Compromise attached to the Motion as Exhibit "A" is approved on the terms and conditions as follows:

    a. The Parties agree that the $7,000.00 Settlement Amount provides for repurchase of the Debtor's interest in the Property.

    b. The Trustee and the Debtor agree that the Estate shall be paid in a one-lump sum payment on or before July 15, 2017.

    c. The Settlement proceeds are allocated as follows:

- $1,280.00    Household Goods and Furnishings
- $2,040.00    2017 Tax Refund
- $3,180.00    Wells Fargo Checking Account - 4953
- $ 500.00    Electronics

3. The Court incorporates the terms of the Stipulation for Compromise into this Order and retains jurisdiction to enforce the terms thereof.

###

**Respectfully Submitted**:
Marcia T. Dunn, Trustee
555 NE 15th Street
Suite 934-A
Miami, Florida 33132
Telephone:  (786) 433-3866
Facsimile:  (786) 260-0269
mdunn@dunnlawpa.com

*(Marcia T. Dunn is directed to serve copies of this Order upon the Debtor, the Attorney for the Debtor, the Office of the United States Trustee, and all parties who have entered an appearance in this case, upon receipt thereof, and to file a Certificate of Service with the Court confirming such service)*

```
Label Matrix for local noticing        PRA Receivables Management, LLC        Ally Financial
113C-1                                 PO Box 41021                           POB 380901
Case 17-14039-RAM                      Norfolk, VA 23541-1021                 Minneapolis, MN 55438-0901
Southern District of Florida
Miami
Fri Jun 30 19:34:28 EDT 2017

Barclays Bank of Delaware              Capital One                            Chase
POB 8803                               POB 30285                              POB 36520
Wilmington, DE 19899-8803              Salt Lake City, UT 84130-0285          Louisville, KY 40233-6520



Citi                                   Community First Credit Union           Community First Credit Union of Florida
POB 6243                               POB 2600                               c/o Hiday & Ricke, P.A.
Sioux Falls, SD 57117-6243             Jacksonville, FL 32232-0077            POB 550858
                                                                              Jacksonville, FL 32255-0858



(p)DISCOVER FINANCIAL SERVICES LLC     Kohl's                                 Lending Tree
PO BOX 3025                            POB 3043                               11115 Rushmore Drive
NEW ALBANY OH 43054-3025               Milwaukee, WI 53201-3043               Charlotte, NC 28277-3442



Office of the US Trustee               Rooms to Go                            Syncb/Amazon
51 S.W. 1st Ave.                       POB 688959                             Po Box 965004
Suite 1204                             Des Moines, IA 50368-8959              Orlando, FL 32896-5004
Miami, FL 33130-1614



Syncb/HH Gregg                         (p)CITIBANK                            Gianny Blanco
Po Box 965004                          PO BOX 790034                          10647 N kendall Dr
Orlando, FL 32896-5004                 ST LOUIS MO 63179-0034                 Miami, FL 33176-1510



Marcia T Dunn                          Omar Porto
555 NE 15 St, Ste 934-A                29824 SW 148th Avenue
Miami, FL 33132-1465                   Homestead, FL 33033-3815
```

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

```
Discover                               The Home Depot
POB 30943                              POB 182676
Salt Lake City, UT 84130               Columbus, OH 43218
```

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Miami

End of Label Matrix
Mailable recipients    19
Bypassed recipients     1
Total                  20